■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MERCADO, Appellant. [865 NYS2d 629]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Mangano, J.), dated April 12, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court's determination designating him a level three sex offender is supported by clear and convincing evidence (see Correction Law § 168-n; *People v Mingo*, 49 AD3d 148 [2008]). The defendant's conviction of sexual abuse in the first degree pursuant to Penal Law § 130.65 (3) established that he subjected the victim to sexual contact, and thus, as he conceded at the hearing, he could properly be assessed at least five points under risk factor two of the risk assessment instrument. Even assuming that the People failed to adduce sufficient evidence to establish that the defendant actually should have been assessed 25 points under risk factor two for having engaged in sexual intercourse with the victim, subtracting 20 of the 25 points assigned for this risk factor would not alter the defendant's presumptive risk level.

The defendant's conviction of sexual abuse in the first degree pursuant to Penal Law § 130.65 (3), an offense which is committed when a person subjects a child under the age of 11 to sexual contact, also established that the defendant was properly assessed 30 points for having committed an offense against a victim who was 10 years old or less.

The defendant further contends that he was improperly assessed 15 points under risk factor 12 because his disciplinary confinements while incarcerated prevented him from participating in sex offender treatment. However, the defendant waived this claim by declining the court's offer to adjourn the hearing so that he could obtain prison records to refute evidence that he refused to participate in a sex offender counseling program (see *People v Dexter*, 21 AD3d 403 [2005]). In any event, the defendant was properly assessed points under this risk factor based upon clear and convincing evidence of his failure to accept responsibility for his offense, coupled with his refusal to participate in treatment (see *People v Brister*, 38 AD3d 634 [2007];

*People v Matthie*, 34 AD3d 987 [2006]; *People v Mitchell*, 300 AD2d 377 [2002]).

The defendant's remaining contentions are without merit. Mastro, J.P., Lifson, Carni and Eng, JJ., concur.