# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**54**

**KA 10-02010**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID QUINONES, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Frank P. Geraci, Jr., A.J.), entered August 10, 2010. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: We reject the contention of defendant that Supreme Court erred in determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.). Defendant failed to request a downward departure to a level two risk, and thus he failed to preserve for our review his contention that the court erred in failing to afford him that downward departure from his presumptive level three risk (*see People v Ratcliff*, 53 AD3d 1110, *lv denied* 11 NY3d 708). In any event, we conclude that "defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure" (*People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703; *see People v Cummings*, 81 AD3d 1261, *lv denied* 16 NY3d 711).

Insofar as defendant contends that the court erred in treating his prior youthful offender adjudication as a conviction pursuant to risk factor nine in the criminal history section of the risk assessment instrument (RAI), that contention is without merit. "As used [in the criminal history section of the RAI], the term 'crime' includes criminal convictions, youthful offender adjudications and juvenile delinquency findings. The Board [of Examiners of Sex Offenders] concluded that these determinations are reliable indicators of wrongdoing and, therefore, should be considered in assessing an offender's likelihood of reoffense and danger to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary,

at 6 [2006]; *see People v Wilkins*, 77 AD3d 588, *lv denied* 16 NY3d 703; *People v Irving*, 45 AD3d 1389, 1389-1390, *lv denied* 10 NY3d 703).

Entered:  January 31, 2012                      Frances E. Cafarell
                                                Clerk of the Court