# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

726

KA 11-01340

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

MICHAEL ROTTERMAN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered June 3, 2011. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). Contrary to defendant's contention, County Court complied with the statutory mandate to set forth "the findings of fact and conclusions of law on which the determination [is] based" (§ 168-n [3]; *see People v Carter*, 35 AD3d 1023, 1023-1024, *lv denied* 8 NY3d 810). We reject defendant's further contention that the People failed to present clear and convincing evidence to support the assessment of 30 points against him for being armed with a dangerous instrument during the commission of one of the underlying crimes. That assessment is supported by the reliable hearsay contained in the case summary and the presentence report (*see People v Thompson*, 66 AD3d 1455, 1456, *lv denied* 13 NY3d 714; *see generally People v Mingo*, 12 NY3d 563, 573). Defendant failed to preserve for our review his contention that a downward departure from his presumptive risk level was warranted (*see People v Quinones*, 91 AD3d 1302, 1303). Finally, we reject defendant's contention that he was denied effective assistance of counsel at the SORA hearing (*see People v Bowles*, 89 AD3d 171, 181, *lv denied* 18 NY3d 807).

Entered: June 8, 2012                                      Frances E. Cafarell
                                                          Clerk of the Court