*492 Initially, we decline to dismiss this appeal on the ground that defendant has been deported (see People v Ventura, 17 NY3d 675, 679-680 [2011]). Although this is a civil appeal, we recognize the potential consequences of the SORA adjudication and conclude that defendant should be given an opportunity for intermediate appellate review of the issues presented here.
The People failed to present clear and convincing evidence that defendant had a history of alcohol abuse or was abusing alcohol at the time of the sex offense (see People v Palmer, 20 NY3d 373 [2013]). Therefore, the court incorrectly assessed 15 points under that risk factor, and defendant’s correct point score would render him a level one offender. Nevertheless, we affirm on an alternative ground (see People v Larkin, 66 AD3d 592, 593 [1st Dept 2009], lv denied 14 NY3d 704 [2010]). We agree with the Board of Examiners that an upward departure was warranted in light of the extreme seriousness of defendant’s actions after the sex offense, including his attempt to hire an undercover police officer to murder the victim of his crime.* These aggravating factors are reflected in the record before us, and were not otherwise adequately accounted for in the risk assessment instrument. Concur — Gonzalez, P.J., Andrias, Saxe, Richter and Clark, JJ.

 Even if we were to accept defendant’s argument that he should not have been assessed points for lack of supervision because he now is in another country, an affirmance still would be appropriate because of the upward departure.