Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered on or about April 2, 2012, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Initially, we decline to dismiss this appeal on the ground that defendant has been deported (see People v Scott, 113 AD3d 491 [1st Dept 2014]). To the extent the People are arguing that the principles set forth in People v Ventura (17 NY3d 675 [2011]) should not apply to civil appeals, we note that the alleged civil/ criminal distinction does not support dismissal. A civil appellant’s physical location is not normally a reason to dismiss an appeal. A notable exception is the fugitive disentitlement doctrine, which applies to “those who evade the law while simultaneously seeking its protection,” particularly where “the appellant’s absence frustrates enforcement of the civil judgment” (Wechsler v Wechsler, 45 AD3d 470, 472 [1st Dept 2007]). No such considerations are relevant here; defendant is an involuntary deportee, not an absconder (compare People v Rodriguez, 67 AD3d 596, 597 [1st Dept 2009], lv denied 14 NY3d 706 *419 [2010]). In addition, the People have not established that defendant’s absence from the United States renders this appeal moot.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Cintron, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]; People v Johnson, 11 NY3d 416, 421 [2008]). Defendant did not demonstrate any mitigating factors not taken into account by the risk assessment instrument that would warrant a downward departure, given the seriousness of the underlying conduct, committed against a child.
Concur—Tom, J.E, Friedman, Andrias, Saxe and DeGrasse, JJ.