# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1100
KA 14-00259
PRESENT: SCUDDER, P.J., FAHEY, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

EUGENE A. WILLIAMS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered May 30, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that the determination should be modified downward in the interest of justice so as to make him a level one risk. In support of that contention, defendant notes that County Court assessed 30 points against him under risk factor 9 (number and nature of prior crimes) based on an attempted robbery offense for which he was adjudicated a youthful offender. Without those 30 points, defendant would have been a presumptive level one risk. To the extent that defendant contends that the SORA court should have granted him a downward departure, that contention is unpreserved for our review "because defendant never asked the SORA court to order a downward departure" (*People v Gillotti*, 23 NY3d 841, 861 n 5; *see People v Johnson*, 11 NY3d 416, 421-422; *People v Quinones*, 91 AD3d 1302, 1303, *lv denied* 19 NY3d 802). In any event, as defendant correctly acknowledges, it is well settled that "youthful offender adjudications are to be treated as 'crimes' for purposes of assessing the defendant's likelihood of re-offending and danger to public safety" (*People v Moore*, 1 AD3d 421, 421, *lv denied* 2 NY3d 743; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6, 13 [2006]; *People v Wilkins*, 77 AD3d 588, 588, *lv denied* 16 NY3d 703; *People v Irving*, 45

AD3d 1389, 1389-1390, *lv denied* 10 NY3d 703).

Frances E. Cafarell
Clerk of the Court