Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered May 30, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that the determination should be modified downward in the interest of justice so as to make him a level one risk. In support of that contention, defendant notes that County Court assessed *1379 30 points against him under risk factor 9 (number and nature of prior crimes) based on an attempted robbery offense for which he was adjudicated a youthful offender. Without those 30 points, defendant would have been a presumptive level one risk. To the extent that defendant contends that the SORA court should have granted him a downward departure, that contention is unpreserved for our review “because defendant never asked the SORA court to order a downward departure” (People v Gillotti, 23 NY3d 841, 861 n 5 [2014]; see People v Johnson, 11 NY3d 416, 421-422 [2008]; People v Quinones, 91 AD3d 1302, 1303 [2012], lv denied 19 NY3d 802 [2012]). In any event, as defendant correctly acknowledges, it is well settled that “youthful offender adjudications are to be treated as ‘crimes’ for purposes of assessing the defendant’s likelihood of re-offending and danger to public safety” (People v Moore, 1 AD3d 421, 421 [2003], lv denied 2 NY3d 743 [2004]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 6, 13 [2006]; People v Wilkins, 77 AD3d 588, 588 [2010], lv denied 16 NY3d 703 [2011]; People v Irving, 45 AD3d 1389, 1389-1390, lv denied 10 NY3d 703 [2008]).
Present — Scudder, P.J., Fahey, Carni, Lindley and Valentino, JJ.