■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE HOUSTON, Appellant. [997 NYS2d 480]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dwyer, J.), dated March 20, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Under the Sex Offender Registration Act (hereinafter SORA), a court must follow three analytical steps to determine whether to downwardly depart from the presumptive risk level. First, the court must decide whether the mitigating circumstances alleged by the defendant are, as a matter of law, of a kind or to a degree not adequately taken into account by the SORA guidelines (*see People v Gillotti*, 23 NY3d 841 [2014]; *People v Wyatt*, 89 AD3d 112, 128 [2011]). Second, the court must decide whether the defendant has adduced sufficient evidence to meet his or her burden of proof in establishing that the alleged mitigating circumstances actually exist (*see People v Gillotti*, 23 NY3d 841 [2014]; *People v Wyatt*, 89 AD3d at 128). The defendant must prove the facts supporting a downward departure by a preponderance of the evidence (*see People v Gillotti*, 23 NY3d 841 [2014]; *People v Wyatt*, 89 AD3d at 128). And third, if the defendant "surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*People v Gillotti*, 23 NY3d at 861; *see People v Wyatt*, 89 AD3d at 128).

Here, the Supreme Court properly determined that the defendant was not entitled to a downward departure and, thus, properly designated him a level two sex offender (*see People v Wortham*, 119 AD3d 666 [2014]). Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.