■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CORRENTI, Appellant. [2 NYS3d 375]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated March 13, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the assessment of 10 points under risk factor 13 (conduct while confined or under supervision; unsatisfactory) was supported by clear and convincing evidence. The defendant's unsatisfactory conduct during his imprisonment was established by the case summary, which revealed that he recently committed two tier III disciplinary violations (*see People v Williams*, 102 AD3d 665 [2013]; *People v Williams*, 100 AD3d 610, 611 [2012]; *People v Mabee*, 69 AD3d 820, 821 [2010]). In any event, even if the 10 points assessed against the defendant under risk factor 13 were deducted from the total points assessed, the defendant would remain a presumptive level three sex offender (*see People v Marsh*, 116 AD3d 680, 681 [2014]; *People v Howell*, 82 AD3d 857, 858 [2011]; *People v Mercado*, 55 AD3d 583 [2008]).

The County Court properly denied the defendant's application for a downward departure from his presumptive risk level three designation. A defendant seeking to establish a downward departure has the burden of identifying, as a matter of law, an appropriate mitigating factor and establishing by a preponder-

ance of the evidence facts in support of the identified mitigating factor. Contrary to the defendant's contention, he failed to meet this burden with respect to any of the alleged mitigating factors (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Pavia*, 121 AD3d 960 [2014]; *People v Nunez*, 121 AD3d 766 [2014]). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.

■ S.L., Appellant, v J.R., Respondent. [5 NYS3d 226]—