■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v OSCAR ROSALES, Appellant. [19 NYS3d 176]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated December 14, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]).

Here, the defendant failed to meet this burden with respect to any of the factors alleged by him at the SORA hearing (*see People v Correnti*, 126 AD3d 681 [2015]). His contention that there was an over-assessment of points under risk factor 2 because the victim's lack of consent was due only to her inability to consent by virtue of her age is unpreserved for appellate review, as he failed to raise this factor at the SORA hearing (*see People v Fernandez*, 91 AD3d 737, 738 [2012]). Accordingly, the Supreme Court properly denied his request for a downward departure from his presumptive level two designation (*see People v Houston*, 122 AD3d 915 [2014]). Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.