■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO IBARRA, Appellant. [26 NYS3d 867]—Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated July 11, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the People's contention, this appeal from an

order designating the defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) should not be dismissed on the ground that the defendant has been deported (*see People v Shim*, — AD3d —, 2016 NY Slip Op 01818 [2d Dept 2016]; *People v Edwards*, 117 AD3d 418 [2014]; *People v Gudino-Sanchez*, 116 AD3d 565 [2014]; *People v Scott*, 113 AD3d 491 [2014]).

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841 [2014]). Here, the mitigating factors identified by the defendant were either adequately taken into account by the SORA Guidelines or did not warrant a downward departure from the presumptive risk level (*see People v Gelin*, 128 AD3d 657 [2015]).

Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive designation as a level two sex offender. Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.