■ The People of the State of New York, Respondent, v Mohamed Azeez, Appellant. [28 NYS3d 617]—Appeal by the defendant from an order of the Supreme Court, Queens County (Armstrong, J.), dated August 4, 2014, which designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the People's contention, this appeal from an order designating the defendant a level two sex offender pursuant to Correction Law article 6-C should not be dismissed on the ground that the defendant has been deported (*see People v Shim*, 139 AD3d 68 [2d Dept 2016]; *People v Edwards*, 117 AD3d 418 [2014]; *People v Gudino-Sanchez*, 116 AD3d 565 [2014]; *People v Scott*, 113 AD3d 491 [2014]).

The Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level two designation. A defendant seeking to establish a downward departure has the burden of identifying, as a matter of law, an appropriate mitigating factor, and establishing, by a preponderance of the evidence, facts in support of the identified mitigating factor. The defendant failed to meet this burden with respect to any of the alleged mitigating factors upon which he relies (*see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Correnti*, 126 AD3d 681 [2015]). Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.