Appeal by the defendant from an order of the Supreme Court, Kings County (Chun, J.), dated June 18, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) to “render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based” (Correction Law § 168-n [3]). Here, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient *1144 for this Court to make its own findings of fact and conclusions of law, remittal is not required (see People v Eaton, 105 AD3d 722, 723 [2013]; People v Finizio, 100 AD3d 977 [2012]).
“In establishing a defendant’s risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought” (People v Eaton, 105 AD3d at 723; see Correction Law § 168-n [3]). “In assessing points, evidence may be derived from the defendant’s admissions, the victim’s statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders ... or any other reliable source, including reliable hearsay” (People v Crandall, 90 AD3d 628, 629 [2011]). Presentence reports and grand jury testimony are sufficiently reliable for SORA purposes (see People v Mingo, 12 NY3d 563, 573 [2009]; see also People v Welch, 126 AD3d 773, 774 [2015]).
Here, the defendant challenges the assessment of 20 points under risk factor 7 for the establishment of a relationship with the complainant “for the primary purpose of victimization” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [2006] [hereinafter the Guidelines]). Contrary to the defendant’s contention, the People established facts supporting the assessment by clear and convincing evidence, as the record supports the inference that his relationship with the complainant was primarily established for the purpose of victimization, first for his own sexual gratification, and later when he forced the complainant to engage in prostitution (see People v Padilla, 116 AD3d 566 [2014]).
Turning to the defendant’s request for a downward departure, a defendant seeking a downward departure from the presumptive risk level has the initial burden of “(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence” (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Rosales, 133 AD3d 733 [2015]). “At that point, the SORA court may exercise its discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender’s risk of reoffense and danger to the community” (People v Wyatt, 89 AD3d at 128).
Here, the defendant’s contention that he is entitled to a *1145 downward departure because the complainant’s lack of consent was due only to her inability to consent by virtue of her age is unpreserved for appellate review, as he failed to raise this factor at the SORA hearing (see People v Rosales, 133 AD3d 733 [2015]). In any event, the defendant’s contention is without merit. Further, the mitigating factors that were identified and properly preserved for appellate review by the defendant were either adequately taken into account by the Guidelines or did not warrant a downward departure from the presumptive risk level (see People v Ibarra, 137 AD3d 1097, 1098 [2016]).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
Leventhal, J.R, Miller, Duffy and Connolly, JJ., concur.