# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**932**

**KA 15-00647**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TERRI T. HAVENS, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, CONFLICT DEFENDER, GENESEO, FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Livingston County Court (Dennis S.
Cohen, J.), entered February 26, 2015. The order determined that
defendant is a level three risk pursuant to the Sex Offender
Registration Act.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he
is a level three risk pursuant to the Sex Offender Registration Act
([SORA] Correction Law § 168 *et seq.*). We reject the contention of
defendant that County Court erred in determining that he is a level
three risk. At the outset, we note that "[d]efendant failed to
request a downward departure to a level two risk, and thus he failed
to preserve for our review his contention that the court erred in
failing to afford him that downward departure from his presumptive
level three risk" (*People v Quinones*, 91 AD3d 1302, 1303, *lv denied* 19
NY3d 802).

Contrary to defendant's contention, the court properly assessed
10 points against him under risk factor 12, for failure to accept
responsibility for his crime (*see* Sex Offender Registration Act: Risk
Assessment Guidelines and Commentary [Guidelines], at 15-16 [2006]).
Although defendant pleaded guilty to the crime underlying the SORA
determination, the case summary, defendant's preplea investigation
statement, and the statements that he made during the SORA hearing did
not "reflect a genuine acceptance of responsibility as required by the
risk assessment guidelines developed by the Board [of Examiners of Sex
Offenders]" (*People v Noriega*, 26 AD3d 767, 767, *lv denied* 6 NY3d 713
[internal quotation marks omitted]; *see People v Smith*, 75 AD3d 1112,
1112). Rather than accepting responsibility, defendant attributed his
behavior to being under the influence of alcohol and marihuana, blamed

the victim, and refused to show remorse (*see People v Wilson*, 117 AD3d 1557, 1557-1558, *lv denied* 24 NY3d 902; *People v Urbanski*, 74 AD3d 1882, 1883, *lv denied* 15 NY3d 707; *People v Kyle*, 64 AD3d 1177, 1177, *lv denied* 13 NY3d 709; *Noriega*, 26 AD3d at 767).

Contrary to defendant's further contention, the court's assessment of 10 points under risk factor 13, for conduct while confined (*see* Guidelines, at 16), is supported by evidence establishing that, even though the case summary described defendant's conduct while confined as "acceptable" (*see People v Belile*, 108 AD3d 890, 891, *lv denied* 22 NY3d 853), his record while incarcerated included 19 tier II violations and five tier III violations (*see People v Anderson*, 137 AD3d 988, 988, *lv denied* 27 NY3d 909; *People v Correnti*, 126 AD3d 681, 681; *People v Catchings*, 56 AD3d 1181, 1182, *lv denied* 12 NY3d 701).

Even assuming, arguendo, that defendant was a presumptive level two risk based on his total risk factor score, we conclude that the court properly determined, in the alternative, that an upward departure to a level three risk was warranted because there is clear and convincing evidence of "aggravating . . . circumstances . . . not adequately taken into account by the guidelines" (*People v Gillotti*, 23 NY3d 841, 861; *see People v Witherspoon*, 140 AD3d 1674, 1674-1675, *lv denied* ___ NY3d ___ [Oct. 25, 2016]), including that defendant was diagnosed with pedophilia and had difficulty controlling his urges (*see People v Moore*, 130 AD3d 1498, 1498; *People v Mallaber*, 59 AD3d 989, 990, *lv denied* 12 NY3d 710; *People v Seils*, 28 AD3d 1156, 1156, *lv denied* 7 NY3d 709).

Entered: November 18, 2016                    Frances E. Cafarell
                                              Clerk of the Court