# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1251**
**KA 15-00814**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

STEPHEN M. REBER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered March 30, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order designating him a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court did not abuse its discretion in denying defendant's request for a downward departure from the presumptive risk level (*see People v Ricks*, 124 AD3d 1352, 1352; *see generally People v Howard*, 27 NY3d 337, 341; *People v Gillotti*, 23 NY3d 841, 861). Defendant preserved his contention for our review with respect to only three of the multiple alleged mitigating factors or circumstances now asserted by him (*see People v Uphael*, 140 AD3d 1143, 1144-1145, *lv denied* ___ NY3d ___ [Nov. 21, 2016]; *People v Fullen*, 93 AD3d 1340, 1340, *lv denied* 19 NY3d 805), and two of those factors are adequately taken into account by the guidelines and thus improperly asserted as mitigating factors (*see generally Gillotti*, 23 NY3d at 861; *People v Finocchario*, 140 AD3d 1676, 1676-1677, *lv denied* 28 NY3d 906). We conclude with respect to the remaining factor that "defendant failed to establish his entitlement to a downward departure from his presumptive risk level inasmuch as he failed to establish the existence of [that] mitigating factor[] by the requisite preponderance of the evidence" (*People v Smith*, 140 AD3d 1705, 1706, *lv denied* 28 NY3d 904; *see generally Gillotti*, 23 NY3d at 861).

Entered: December 23, 2016                          Frances E. Cafarell
                                                    Clerk of the Court