■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK ROSE, Appellant. [44 NYS3d 763]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated December 2, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (*People v Wyatt*, 89 AD3d 112, 128 [2011]; *see People v Gillotti*, 23 NY3d 841, 861 [2014]). If the defendant "surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (*People v Gillotti*, 23 NY3d at 861; *see People v Wyatt*, 89 AD3d at 128).

Contrary to the defendant's contention, the Supreme Court properly denied his request for a downward departure (*see People v Vizcarra*, 138 AD3d 815 [2016]; *People v Houston*, 122 AD3d 915 [2014]). The mitigating factors identified by the defendant were either adequately taken into account by the Sex Offender Registration Act Guidelines or did not warrant a downward departure from the presumptive risk level (*see People v Roldan*, 140 AD3d 411 [2016]; *People v Ibarra*, 137 AD3d 1097, 1098 [2016]). Leventhal, J.P., Hall, Sgroi and Duffy, JJ., concur.