People v Rose (2017 NY Slip Op 00332)





People v Rose


2017 NY Slip Op 00332


Decided on January 18, 2017


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
L. PRISCILLA HALL
SANDRA L. SGROI
COLLEEN D. DUFFY, JJ.


2013-10929

[*1]People of State of New York, respondent,
v Patrick Rose, appellant.


Seymour W. James, Jr., New York, NY (Desiree Sheridan of counsel), for appellant.
Eric Gonzalez, Acting District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated December 2, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). If the defendant "surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (People v Gillotti, 23 NY3d at 861; see People v Wyatt, 89 AD3d at 128).
Contrary to the defendant's contention, the Supreme Court properly denied his request for a downward departure (see People v Vizcarra, 138 AD3d 815; People v Houston, 122 AD3d 915). The mitigating factors identified by the defendant were either adequately taken into account by the Sex Offender Registration Act Guidelines or did not warrant a downward departure from the presumptive risk level (see People v Roldan, 140 AD3d 411; People v Ibarra, 137 AD3d 1097, 1098).
LEVENTHAL, J.P., HALL, SGROI and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court