People v Webb (2018 NY Slip Op 04581)





People v Webb


2018 NY Slip Op 04581


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-04885

[*1]People of State of New York, respondent,
v
Dwayne Webb, also known as Latif Lamar, appellant.


Del Atwell, East Hampton, NY, for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Itamar J. Yeger and Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (David S. Zuckerman, J.), dated March 14, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant's contention that he was entitled to a downward departure from his presumptive risk level is unpreserved for appellate review (see People v Cepeda, 148 AD3d 942, 942-943; People v Figueroa, 138 AD3d 708, 709). In any event, the defendant failed to demonstrate that there existed mitigating circumstances of a kind or to a degree not otherwise adequately taken into account by the Sex Offender Registration Act (hereinafter SORA) Guidelines that warranted a downward departure from his presumptive risk level (see People v Gillotti, 23 NY3d 841, 861; People v Sanchez, 138 AD3d 946; People v Azeez, 138 AD3d 945; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). The defendant's contention that his designation as a level three sex offender violated due process is without merit (see People v Warren, 152 AD3d 551). The defendant was not deprived of the effective assistance of counsel at the SORA proceeding (see People v Bowles, 89 AD3d 171, 179-180).
SCHEINKMAN, P.J., LEVENTHAL, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court