Gem Holdco, LLC v Changing World Tech., L.P. (2018 NY Slip Op 06139)





Gem Holdco, LLC v Changing World Tech., L.P.


2018 NY Slip Op 06139


Decided on September 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 20, 2018

Sweeny, J.P., Manzanet-Daniels, Mazzarelli, Oing, Moulton, JJ.


650841/13 5955N 5954

[*1] Gem Holdco, LLC, et al., Plaintiffs,
v
Changing World Technologies, L.P., Defendants, CWT Canada II Limited Partnership, et al., Defendants-Respondents, Ridgeline Energy Services, Inc., et al., Defendants-Appellants,


Catafago Fini LLP, New York (Jacques Catafago of counsel), for appellants.
Schlam Stone & Dolan LLP, New York (Bradley J. Nash of counsel), for respondents.



Appeal from order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about June 3, 2016, which granted the motion of defendants-respondents (cross claim plaintiffs) CWT Canada II Limited Partnership, Resource Recovery Corporation and Jean Noelting to hold defendants-appellants (cross claim defendants) Ridgeline Energy Services, Inc. (now
known as RDX Technologies Corporation) and Dennis Danzik (together appellants) in civil and criminal contempt for violating the court's orders dated March 18, 2015 and May 5, 2015, and appeal from order, same court and Justice, entered February 9, 2017, which, among other things, granted the motion of CWT Canada and Resource Recovery to confirm the report of the Special Referee, dated December 13, 2016, and directed the Clerk to enter judgment against appellants, jointly and severally, in the amount of $644,179.76, deemed appeals from judgment, same court and Justice, entered March 7, 2017, and so considered, said judgment unanimously affirmed, without costs.
Although appellants appealed from orders and not the ensuing final judgment, under CPLR 5520(c) this Court has the discretion to deem the notices of appeal as valid and address the merits of the appeals (see Old Republic Constr. Ins. Agency of N.Y., Inc. v Fairmont Ins. Brokers, Ltd., 112 AD3d 456, 456 [1st Dept 2013]; Robertson v Greenstein, 308 AD2d 381 [1st Dept 2003], lv dismissed 2 NY3d 759 [2004]).
We also decline to bar the appeals based on the fugitive disentitlement doctrine. That doctrine permits a court to dismiss an appeal in civil cases where the party seeking relief is a fugitive evading the law whose absence frustrates the enforcement of a judgment or order (see People v Edwards, 117 AD3d 418, 418 [1st Dept 2014]).
The doctrine applies where the fugitive is a former New York resident who changed residency or otherwise fled to another state in a willful and deliberate effort to avoid the jurisdiction of the New York courts; was a resident of another state present in New York when an arrest warrant was issued who fled the state in order to avoid an arrest warrant; or, as in Wechsler [*2](45 AD3d 470), was wanted in New York pursuant to a warrant and refused to return to the state for fear of being arrested in defiance of a separate court order directing the fugitive to appear in court. Absent a clear showing that Danzik took improper steps to avoid extradition, the doctrine does not apply where, as here, he never resided in New York, was not present in New York when the arrest warrant was issued, has not appeared in New York to face the arrest warrant, and has not defied a separate order to appear. This more narrow application of the doctrine satisfies all its principal rationales (see Empire Blue Cross & Blue Shield v Finkelstein, 111 F3d 278, 280 [2d Cir 1997]). We also note that there is no basis for applying the doctrine to this corporate appellant.
With respect to the merits of the appeals, we find no support in the record for the claim that the motion court deprived appellants of due process by continuing the contempt hearing after counsel for appellants informed the court that his clients, believing the proceedings were stayed when they filed for bankruptcy, instructed him to provide no further representation.
The Decision and Order of this Court entered Herein on March 8, 2018 is hereby recalled and vacated (see M-1845 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 20, 2018
CLERK