People v McKinney (2019 NY Slip Op 04971)





People v McKinney


2019 NY Slip Op 04971


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-12925

[*1]People of State of New York, respondent,
v
Wallace McKinney, appellant. Paul Skip Laisure, New York, NY (Benjamin S. Litman of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated October 4, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (see Correction Law article 6-C; hereinafter SORA), the Supreme Court assessed the defendant 75 points, rendering him a presumptive level two sex offender. The defendant sought a downward departure from the presumptive risk level, citing as mitigating factors, inter alia, his lack of a prior criminal record, his successful completion of rehabilitation and vocational programs, his positive disciplinary record while he was incarcerated, and his age of 48 years old. The Supreme Court denied the defendant's application for a downward departure, stating, "[i]t's premature, in that at the appropriate statutory time the downward departure can be considered." On appeal, the defendant challenges the denial of his application for a downward departure.
As the defendant correctly contends, the Supreme Court should not have denied his application for a downward departure on the basis that the application was premature. A court is required to make a determination with respect to a defendant's level of notification 30 calendar days prior to discharge, parole, or release (see Correction Law § 168-n). Here, the hearing was held on October 4, 2017, to determine the defendant's level of notification prior to his scheduled release date of October 23, 2017. Accordingly, the defendant's application for a downward departure was not premature and the court should have decided the merits of the defendant's application for a downward departure at the SORA hearing (see People v Ramos, 167 AD3d 787, 789).
Although the Supreme Court should not have denied the defendant's application for a downward departure on the ground that the application was premature, remittal is unnecessary since the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Coe, 167 AD3d 1175, 1177; People v Simons, 157 AD3d 1063, 1065; People v Lacewell, 103 AD3d 784, 784-785; People v Urbanski, 74 AD3d 1882, 1883).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a [*2]factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Eisenberg, 170 AD3d 1208; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating circumstances identified by the defendant either were adequately taken into account by the Guidelines or, under the totality of the circumstances, did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Somodi, 170 AD3d 1056; People v Uphael, 140 AD3d 1143, 1145; People v Ibarra, 137 AD3d 1097, 1098). Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
DILLON, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court