People v Allende (2019 NY Slip Op 06421)





People v Allende


2019 NY Slip Op 06421


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-12930

[*1]People of State of New York, respondent,
v
Richard Allende, appellant. 



Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.
Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.







DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated October 4, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.; hereinafter SORA), the Supreme Court assessed the defendant 120 points, rendering him a presumptive level three sex offender. The defendant sought a downward departure from the presumptive risk level, citing, as mitigating factors, inter alia, his successful completion of rehabilitation and vocational programs, and his age at the time of the hearing of 56 years old. The court denied the defendant's application for a downward departure, stating, "I find that the application for downward departure is premature. . . . After the defendant is out on supervision, . . . a statutory period of one year, he would be eligible to apply for a downward departure." On appeal, the defendant challenges the denial of his application for a downward departure.
As the defendant correctly contends, the Supreme Court should not have denied his application for a downward departure on the ground that the application was premature. A court is required to make a determination with respect to a defendant's level of notification 30 calendar days prior to discharge, parole, or release (see Correction Law § 168-n). Here, the SORA hearing was held on October 4, 2017, to determine the defendant's level of notification prior to his scheduled release date of November 16, 2017. Accordingly, the defendant's application for a downward departure was not premature, and the court should have decided the merits of the defendant's application for a downward departure at the SORA hearing (see People v Ramos, 167 AD3d 787, 789).
Although the Supreme Court should not have denied the defendant's application for a downward departure on the ground that the application was premature, remittitur is unnecessary since the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v McKinney, ____ AD3d ____, 2019 NY Slip Op 04971 [2d Dept 2019]; People v Coe, 167 AD3d 1175, 1177; People v Simons, 157 AD3d 1063, 1065; People v Lacewell, 103 AD3d 784, 784-785; People v Urbanski, 74 AD3d 1882, 1883).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating factors identified by the defendant either were adequately taken into account by the SORA Guidelines or, under the totality of the circumstances, did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Uphael, 140 AD3d 1143, 1145; People v Ibarra, 137 AD3d 1097, 1098). Accordingly, since the defendant's contention that he is entitled to a downward departure is without merit, we affirm the order appealed from.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court