People v Medina (2024 NY Slip Op 01567)

People v Medina

2024 NY Slip Op 01567

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-03422

[*1]The People of the State of New York, respondent,
v
Luis Medina, appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.
Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 1, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 120 points, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
The Supreme Court properly denied the defendant's application for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). Contrary to the defendant's contention, although advanced age may constitute a basis for a downward departure, the defendant failed to demonstrate that his age at the time of the SORA hearing, 57 years old, constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Abdullah, 210 AD3d 704, 706; People v Porciello, 193 AD3d 993, 994; People v Ciccarello, 187 AD3d 1224, 1126; People v Munoz, 155 AD3d 1068, 1069).
The defendant's remaining contentions as to why he should have been granted a downward departure are unpreserved for appellate review, as he failed to raise them at the SORA hearing (see People v Moore-Johnson, 178 AD3d 1102, 1103; People v Uphael, 140 AD3d 1143, 1145; People v Rosales, 133 AD3d 733, 733). In any event, the defendant's contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court