People v Collins (2024 NY Slip Op 06577)

People v Collins

2024 NY Slip Op 06577

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-02950

[*1]The People of the State of New York, respondent,
v
Quaran Collins, appellant. 

Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Danielle M. O'Boyle of counsel; Jackson Deterding on the brief), for respondent.
Patricia Pazner, New York, NY (Anna V. Boksenbaum of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Jerry M. Iannece, J.), dated April 11, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In January 2016, the defendant was convicted, upon his plea of guilty, of attempted rape in the second degree (Penal Law §§ 110.00, 130.30[1]). In April 2022, the Supreme Court held a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The court assessed the defendant 75 points on the risk assessment instrument (hereinafter RAI), constituting a presumptive level two sex offender designation. The defendant requested a downward departure from the presumptive risk level, which the court denied. The court designated the defendant a level two sex offender. The defendant appeals.
The defendant's contentions on appeal regarding the assessment of points under risk factor 4 (duration of offense conduct with victim) of the RAI are unpreserved for appellate review, as he failed to raise these contentions at the SORA hearing (see People v Rosales, 133 AD3d 733, 733; People v Fernandez, 91 AD3d 737, 738), and we decline to exercise our interest of justice jurisdiction to reach them (see People v Butler, 157 AD3d 727, 730).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DUFFY, J.P., MILLER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court