■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERI L. CHILSON, Appellant. [731 NYS2d 88] —Rose, J. Appeal from an order of the County Court of Cortland County (Avery, Jr., J.), rendered May 23, 2000, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In this appeal from County Court's sex offender risk level classification, defendant focuses on two factors: her acceptance of responsibility and her living situation. Defendant contends that her plea of guilty of course of sexual contact against a child in the second degree and endangering the welfare of a child (three counts), together with her participation in a sex offender treatment program, demonstrates her acceptance of responsibility for the crimes arising out of the sexual abuse of her children. However, the presentence report indicates that, after her plea allocution, defendant denied sexually abusing her children or touching them in a sexual manner. Also, her participation in a sex offender treatment program does not necessarily reflect a voluntary acceptance of responsibility, for the participation is a condition of her probation. Although more than a year had elapsed between the presentence investigation and the risk assessment hearing, the presentence report contains defendant's most recent statement in the record concerning her acceptance of responsibility. Accordingly, while defendant's guilty plea could be viewed as an initial step toward acceptance of responsibility (*see, People v MacNeil*, 283 AD2d 835), her denial of guilt during the presentence investigation reflects her lack of acceptance of responsibility and there is nothing in the record to demonstrate a subsequent acceptance of responsibility (*cf., Matter of Vandover v Czajka*, 276 AD2d 945).

The People presented clear and convincing evidence that defendant had not accepted responsibility for her conduct and, therefore, there is no basis to disturb County Court's conclusion with regard to the acceptance of responsibility factor. Accordingly, inasmuch as defendant's score on the risk assessment instrument would warrant a risk level III classification unless defendant succeeds on her challenge to both the acceptance of responsibility factor and the living situation factor, there is no need for this Court to consider defendant's challenge to the latter factor.

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.