■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD MITCHELL, Appellant. [751 NYS2d 530] —Appeal by the defendant from an order of the Supreme Court, Kings County (R. Goldberg, J.), dated April 6, 2000, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The hearing court properly relied upon its recollection of the plea proceeding, the presentence report, and the case summary of the Board of Examiners of Sex Offenders (hereinafter the Board), rather than upon the defendant's statements to the contrary, in finding that the prosecution proved by clear and convincing evidence that the defendant not only failed to accept responsibility for his crime, but also that he refused treat-

ment (*see generally Doe v Pataki,* 3 F Supp 2d 456, 472; *People v Dorato,* 291 AD2d 580; *People v Scott,* 288 AD2d 763). According to a statement contained in the defendant's presentence report, the defendant "admitted his guilt stating that he was drunk and under the influence of crack and cocaine, having no recollection of it due to his condition." This statement contradicts the defendant's plea allocution in which he expressly acknowledged his guilt, and indicated that although he was intoxicated at the time, he knew what he was doing. These contradictory statements, considered together, do not reflect a "genuine acceptance of responsibility" as required by the risk assessment guidelines developed by the Board (*see People v Marinconz,* 178 Misc 2d 30, 35 [no genuine acceptance of responsibility where offender admits guilt but also denies memory of his criminal conduct]; *People v Chilson,* 286 AD2d 828 [although plea of guilty might be initial step toward acceptance of responsibility, defendant's denial of guilt during presentence investigation reflects lack of acceptance of responsibility]).

The defendant contends that he was deprived of due process of law because of an amendment to Correction Law § 168-*l* (6) (c), and because the law, which was enacted on January 21, 2001, was amended subsequent to his risk level assessment hearing. Prior to that date, Correction Law § 168-*l* (6) (c) and § 168-q provided that level three sex offenders are to be included in a subdirectory of sexually violent predators. Such subdirectory was to be updated regularly and "may be computer accessible" (Correction Law § 168-q; L 2000, ch 490). On January 21, 2001, an amendment became effective that changed "may" to "shall," and added the following sentence: "Such subdirectory shall be made available at all times on the Internet via the [D]ivision [of Criminal Justice Services] homepage" (Correction Law § 168-q; L 2000, ch 490).

Contrary to the defendant's contentions, he was not deprived of his constitutional right to due process of law because he was not afforded notice of such amendment and given a meaningful opportunity to be heard prior to its enactment. The sex offender risk level determination is regulatory, rather than criminal, in nature (*see People v Stevens,* 91 NY2d 270, 274-275), and is not intended to effect punishment (*see People v Clark,* 261 AD2d 97). Since the publication of the directory is merely a proper exercise of the state's police power to regulate present and ongoing conduct and to protect the community, the defendant has no due process right to appear and be heard regarding the impact of this regulatory issue upon him (*see Doe v*

*Pataki,* 120 F3d 1263 [Ex Post Facto Clause of the US Constitution did not prohibit application of registration and notification requirements to high risk defendants who committed their offenses prior to SORA's enactment], *cert denied* 522 US 1122; *Matter of S.V. v Calabrese,* 246 AD2d 655 [same]). O'Brien, J.P., H. Miller, Schmidt and Cozier, JJ., concur.