The People of the State of New York, Respondent, v Michael Fortin, Appellant. [814 NYS2d 282]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Weinberg, J.), dated October 13, 2004, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

After a jury trial, the defendant was convicted of sodomy in the second degree, sexual abuse in the first degree, and endangering the welfare of a child. The defendant's point total under the risk assessment instrument presumptively placed him within a risk level two sex offender designation category. However, the Board of Examiners of Sex Offenders (hereinafter the Board) recommended that a departure from the presumptive risk level was warranted, and assigned the defendant into a level three category (*see* Correction Law § 168-*l*). Following a hearing, the Supreme Court assessed the defendant an additional 10 points for his failure to accept responsibility, and confirmed the Board's recommendation to designate the defendant as a level three sex offender. We affirm.

The defendant contends, inter alia, that the court erred in assessing him additional points for his lack of acceptance of responsibility for his crimes. However, the Risk Assessment Guidelines require that an offender have a "genuine acceptance of responsibility" for his or her actions (*People v Mitchell*, 300 AD2d 377, 378 [2002]). Here the record supports the court's conclusion that the defendant "has not . . . really accept[ed] responsibility" for his actions, especially in view of the fact that he has consistently maintained his innocence since conviction (*see People v Walker*, 15 AD3d 692 [2005]). Furthermore, contrary to the defendant's contention, the fact that he admitted his guilt, as a condition for entry into a sex offender treatment program while incarcerated, is not tantamount to a "voluntary acceptance of responsibility" (*People v Chilson*, 286 AD2d 828 [2001]).

The Supreme Court properly agreed with the Board's recommendation to upwardly depart from the level two designation, and classify the defendant as a level three risk offender, since there was adequate proof of an aggravating factor which was not "taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see also People v Hines*, 24 AD3d 524 [2005], *lv denied* 6 NY3d 712 [2006]; *People v Guaman*, 8 AD3d 545 [2004]; *People v Moon*, 3 AD3d 600 [2004]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.