■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN VEGA, Appellant. [911 NYS2d 917]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Mullen, J.), dated July 28, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant contends that the Supreme Court, in determining his risk level under the Sex Offender Registration Act (Cor-

rection Law art 6-C; hereinafter SORA), erroneously assessed 10 points against him under risk factor 12 for failure to accept responsibility for his criminal conduct.

The Supreme Court failed to set forth findings of fact and conclusions of law, as mandated by Correction Law § 168-n (3) (*see People v Leopold*, 13 NY3d 923 [2010]; *People v Smith*, 11 NY3d 797 [2008]). However, remittal is not required since the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Rivera*, 73 AD3d 881 [2010]; *People v Guitard*, 57 AD3d 751 [2008]; *People v Pardo*, 50 AD3d 992 [2008]).

The defendant denied his guilt of the sex offense of which he was convicted, both in his interview with the Probation Department and upon his admission to the correctional facility where he was incarcerated. Although, at his plea and sentencing proceedings, the defendant formally admitted his guilt, and, at the SORA risk assessment hearing, he stated, in a perfunctory manner, that he "accept[ed] . . . the plea of guilty," the defendant's contradictory statements, "considered together, do not reflect a genuine acceptance of responsibility as required by the risk assessment guidelines" (*People v Mitchell*, 300 AD2d 377, 378 [2002] [internal quotation marks omitted]; *see People v Fortin*, 29 AD3d 765 [2006]; *People v Chilson*, 286 AD2d 828 [2001]).

Thus, contrary to the defendant's contention, the People demonstrated, through "clear and convincing evidence" (Correction Law § 168-n [3]), that he failed to accept responsibility for his criminal conduct. Accordingly, the Supreme Court properly assessed 10 points under risk factor 12, and properly designated the defendant a level three sex offender. Prudenti, P.J., Dillon, Balkin and Chambers, JJ., concur.