■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD FULLER, Appellant. [922 NYS2d 444]—

Appeal by the defendant from an order of the County Court, Westchester County (Cohen, J.), entered November 13, 2009, which, after a hearing, designated him a level three sex offender and a sexually violent offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, in determining his risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court properly assessed points against him for inflicting physical injury upon the complainant. The People proved, by clear and convincing evidence, that the defendant caused the complainant "impairment of [her] physical condition or substantial pain" (Penal Law § 10.00 [9]; *see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Sullivan*, 64 AD3d 67, 73 [2009]).

Contrary to the defendant's further contention, the People proved, by clear and convincing evidence, the defendant's failure to accept responsibility for his criminal conduct, such that the County Court properly assessed 10 points against him under

risk factor number 12. Although a psychiatrist who examined the defendant after the incident noted that the defendant acknowledged that he had done "a 'bad thing' " and was "meaningfully remorseful," during that same interview with the psychiatrist, the defendant claimed that the complainant had consented to sexual relations with him. Significantly, at the hearing conducted pursuant to SORA, the defendant continued to insist that the sexual relations had been consensual. Accordingly, the County Court properly determined that "the defendant's contradictory statements, 'considered together, [did] not reflect a genuine acceptance of responsibility as required by the risk assessment guidelines' " (*People v Vega*, 79 AD3d 718, 719 [2010], quoting *People v Mitchell*, 300 AD2d 377, 378 [2002]; *see People v Teagle*, 64 AD3d 549, 550 [2009]).

Moreover, the County Court providently exercised its discretion in determining that the mitigating factors proffered by the defendant did not warrant a downward departure (*see People v Mendez*, 79 AD3d 834, 835 [2010], *lv denied* 16 NY3d 707 [2011]; *People v Johnson*, 77 AD3d 897 [2010], *lv denied* 16 NY3d 707 [2011]; *People v Maiello*, 32 AD3d 463 [2006]).

The defendant's remaining contentions are without merit.

Accordingly, we find no basis to disturb the County Court's designation of the defendant as a level three sex offender and a sexually violent offender. Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur.