The County Court properly assessed the defendant 10 points under risk factor 10 of the Sex Offender Registration Act Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter SORA Guidelines]), based on the recency of a prior felony committed by the defendant. The People established, by clear and convincing evidence, consisting of the case summary and his presentence report, that the defendant had been released from prison to parole for a felony conviction in Maryland less than three years before he committed the sex offenses underlying the present SORA adjudication (see Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 571-573 [2009]; People v Williams, 95 AD3d 1093 [2012], lv denied 19 NY3d 810 [2012]; People v Crandall, 90 AD3d 628, 629 [2011]; People v Maldonado, 79 AD3d 1804, 1804-1805 [2010]; People v Pendelton, 50 AD3d 659 [2008]; Matter of State of New York v J.A., 21 Misc 3d 806, 816 [2008]; People v Barnes, 6 Misc 3d 469, 471 [2004]; cf. People v Brown, 25 AD3d 924 [2006]).
The County Court also properly assessed the defendant 10 points under risk factor 12 of the SORA Guidelines, as the People established, by clear and convincing evidence, that he did not genuinely accept responsibility for the acts constituting the underlying sex offenses, notwithstanding his completion of *776 a sex offender treatment program in 2010, while he was incarcerated (see People v Perry, 85 AD3d 890 [2011]; People v Baker, 57 AD3d 1472, 1473 [2008]; People v Fortin, 29 AD3d 765, 766 [2006]; People v Mitchell, 300 AD2d 377, 378 [2002]; People v Barnes, 6 Misc 3d at 477; see also People v Heichel, 20 AD3d 934, 935 [2005]; People v Ramos, 25 Misc 3d 533, 541 [2009]). Mastro, J.P., Skelos, Florio and Hall, JJ., concur.