■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTOS VELEZ, Appellant. [954 NYS2d 192]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (McCormack, J.), dated June 4, 2009, which, after a hearing to redetermine his sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level two sexually violent sex offender pursuant to Correction Law article 6-C.

Ordered that the order is modified, on the law, by deleting therefrom the words "sexually violent"; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, at his Sex Offender Registration Act (*see* Correction Law art 6-C) redetermination hearing held pursuant to the stipulation of settlement reached in *Doe v Pataki* (3 F Supp 2d 456 [1998]), the Supreme Court properly assessed 10 points against him under risk factor 12 of the Sex Offender Registration Act Guidelines (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]), as the People established, by clear and convincing evidence, that he did not genuinely accept responsibility for the acts underlying his conviction of sexual abuse in the first degree (*see People v Thompson*, 95 AD3d 977, 978 [2012]; *People v Fuller*, 83 AD3d 1025, 1025-1026 [2011]; *People v Smith*, 78 AD3d 917, 918 [2010]).

Furthermore, under the particular circumstances of this case, the Supreme Court properly assessed 10 points under the "conduct while confined/supervised" risk factor, based on evidence of the defendant's unsatisfactory conduct while in confinement for an offense committed subsequent to his confinement/supervision on his conviction of sexual abuse in the first degree (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]; *cf. People v Wilbert*, 35 AD3d 1220, 1221 [2006]). The defendant's contention relating to the five points assessed under risk factor 9 (number and nature of

prior crimes) is unpreserved for appellate review (*see People v Teagle*, 64 AD3d 549, 550 [2009]; *People v Kelly*, 46 AD3d 790, 791 [2007]) and, in any event, without merit.

The Supreme Court properly determined that the defendant was not entitled to a downward departure from his presumptive risk level assessment (*see People v Palmer*, 91 AD3d 618 [2012]; *People v Reynolds*, 90 AD3d 630, 631 [2011]).

However, as the People correctly concede, the Supreme Court apparently committed a clerical error by designating the defendant a sexually violent offender, as the *Doe v Pataki* stipulation provides that the redetermination court "shall neither consider nor render a determination on the question of whether the [defendant] shall be designated a . . . sexually violent offender." Thus, the order must be modified by deleting therefrom the words "sexually violent."

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Dickerson, Hall and Roman, JJ., concur.