*1068 Appeal by the defendant from an order of the Supreme Court, Kings County (DiMango, J.), dated November 30, 2011, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
The defendant contends that the Supreme Court, in determining his risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), erroneously assessed 10 points under risk factor 12 for failure to accept responsibility for his criminal conduct. During his interview with the Probation Department, the defendant claimed he was innocent and had pleaded guilty only for the sake of expediency because he had been in jail too long. Although, two weeks later, the defendant formally admitted his guilt in response to questioning by the Supreme Court at the sentencing proceeding, the defendant’s contradictory statements, considered together, do not reflect a genuine acceptance of responsibility as required by the SORA Risk Assessment Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]; People v Farrice, 100 AD3d 976, 977 [2012]; People v Perry, 85 AD3d 890 [2011]; People v Vega, 79 AD3d 718, 719 [2010]; People v Ferrer, 69 AD3d 513, 515 [2010]).
Thus, contrary to the defendant’s contention, the People demonstrated, through “clear and convincing evidence” (Correction Law § 168-n [3]), that he failed to accept responsibility for his criminal conduct. Accordingly, the Supreme Court properly assessed 10 points under risk factor 12, and properly designated the defendant a level three sexually violent offender. Angiolillo, J.P, Hall, Roman and Hinds-Radix, JJ., concur.