*658 Judgment, Supreme Court, New York County (Laura A. Ward, J), rendered October 7, 2010, convicting defendant, after a jury trial, of sexual abuse of first degree, and sentencing him, as a second felony offender, to a term of Z1h years, unanimously affirmed. Order, same court and Justice, entered on or about March 22, 2012, which adjudicated defendant a level two sexual offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly denied defendant’s application made pursuant to Batson v Kentucky (476 US 79 [1986]). Defendant did not produce “evidence sufficient to permit the trial judge to draw an inference that discrimination ha[d] occurred” (Johnson v California, 545 US 162, 170 [2005]), and thus failed to make a prima facie showing of gender discrimination in the People’s exercise of their peremptory challenges. The record does not establish that the People excluded a disproportionate number of men from the panel, or that there was such a significant disparity between the rate at which the People challenged male panelists and the percentage of men in the available panel as to support a statistical inference of discrimination (see People v Steele, 79 NY2d 317, 325 [1992]). Given the court’s thorough voir dire of the prospective jurors, the prosecutor’s failure to ask questions of many of the stricken male jurors was not indicative of discriminatory intent. Defendant’s argument that the prosecutor’s strike of a male juror with ties to law enforcement was evidence of discriminatory intent is unpreserved, and, as a result of defendant’s failure to make this claim before the trial court, the record is insufficiently developed on this point.
The court was not obligated to appoint new counsel, sua sponte, in connection with defendant’s pro se motion to set aside the verdict. There was no violation of defendant’s right to conflict-free counsel. When defendant’s trial attorney generally adopted the motion, but conceded that there was no merit to the part of the motion that claimed the court should have submitted third-degree sexual abuse as a lesser included offense, defendant was not prejudiced in any way, and he would not have gained anything from a change of attorneys. Regardless of whether counsel advocated in support of the entire motion, the court would have had no authority to set aside the verdict on the ground at issue. Since counsel did not request *659 submission of a lesser included offense prior to jury deliberations, “the court’s failure to submit such offense does not constitute error” (CPL 300.50 [2]). Moreover, an unpreserved error may not be raised by way of a CPL 330.30 (1) motion to set aside a verdict (People v Everson, 100 NY2d 609 [2003]). Even if defendant’s claim could be broadly read to encompass an implied attack on his attorney’s effectiveness in failing to request the lesser included offense, that still would not be cognizable on a CPL 330.30 (1) motion because it would involve matters of strategy outside the record (see People v Wolf, 98 NY2d 105, 119 [2002]). In any event, there was no reasonable view of the evidence to support submission of third-degree sexual abuse.
The People met their burden of establishing, by clear and convincing evidence, risk factors bearing a sufficient total points to support a level two sex offender adjudication. The court properly assessed 10 points under the risk factor for acceptance of responsibility. Defendant’s trial testimony and statements in a posttrial probation interview, when viewed in the full context of the case, constituted denials of the conduct that formed the basis of his sexual abuse conviction. Thus, although he participated in a sex offender treatment program while incarcerated, he did not genuinely accept responsibility under the risk assessment guidelines (see People v Chilson, 286 AD2d 828 [3d Dept 2001], lv denied 97 NY2d 655 [2001]). The court providently exercised its discretion in declining to grant a downward departure to level one (see People v Cintron, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]; People v Johnson, 11 NY3d 416, 418, 421 [2008]). Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Clark, JJ.