Order, Supreme Court, Bronx County (Megan Tallmer, J.), entered January 2, 2013, which adjudicated defendant a level *566 two sex offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Initially, we decline to dismiss this appeal on the ground that defendant has been deported (see People v Scott, 113 AD3d 491 [1st Dept 2014]). The People have not established that defendant’s absence from the United States renders this appeal moot.
The People presented clear and convincing evidence that defendant did not accept responsibility for his crime, instead blaming the victim (see People v Teagle, 64 AD3d 549 [2d Dept 2009]), and, under the circumstances, his participation in rehabilitation programs was not an acceptance of responsibility. Therefore, the court correctly assessed 10 points under that risk factor.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Cintron, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]; People v Johnson, 11 NY3d 416, 421 [2008]). Defendant did not demonstrate any mitigating factors not taken into account by the risk assessment instrument that would warrant a downward departure. Concur — Friedman, J.P, Sweeny, Andrias, Gische and Clark, JJ.