*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 10, 2014                    516432
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JAMES F. MUNAFO SR.,
                    Appellant.
_____

Calendar Date:   June 2, 2014

Before:  Stein, J.P., McCarthy, Garry, Lynch and Devine, JJ.

                    _____


        John A. Cirando, Syracuse, for appellant.

        William G. Gabor, District Attorney, Wampsville (Elizabeth
S. Healy of counsel), for respondent.

                    _____


Garry, J.

        Appeal from a judgment of the County Court of Madison
County (McDermott, J.), entered December 4, 2012, which
classified defendant as a risk level III sex offender and a
sexually violent offender pursuant to the Sex Offender
Registration Act.

        In December 2003, defendant pleaded guilty in Massachusetts
to two counts of rape and abuse of a child in the first degree
and 14 counts of indecent assault and battery on a child under 14
years old, stemming from the sexual abuse of five under-aged
girls over a period of years.  Defendant was released to
probation in December 2007 and, thereafter, sought to relocate to
New York.  Accordingly, the Board of Examiners of Sex Offenders
completed a risk assessment instrument that presumptively

classified defendant as a risk level III sex offender (115 points) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C). Following a hearing, County Court classified defendant as a risk level III sex offender and a sexually violent offender. Defendant appeals, and we reverse.

The People bear the burden of establishing the proper risk level classification by clear and convincing evidence (see Correction Law § 168-n [3]; People v Belile, 108 AD3d 890, 890 [2013], lv denied 22 NY3d 853 [2013]). Here, we agree with defendant's contention that the People failed to do so with respect to the 10 points assessed by County Court under risk factor 12, relative to acceptance of responsibility. Notably, the Board did not assess points for this risk factor. County Court relied upon evidence from defendant's prior incarceration in Massachusetts suggesting that his distortions and rationalization regarding his crimes were "entrenched and intractable." However, defendant thereafter engaged in further treatment. The record contains a letter from psychologist Joseph Plaud dated June 2009, stating that defendant had been participating with sex offender treatment since May 2008, and opining that defendant's therapeutic treatment goals had been met, that he did not require additional sexual offender treatment, that he was prepared to live safely in the community, and that he was "in the lowest risk cohort" to reoffend. We note with concern that this expert opinion fails to squarely address the excuses and justifications that defendant had previously relied upon relative to his multiple serious crimes. However, the standard of proof is high, and this more recent evidence was wholly unrefuted at the brief hearing. In light of this unchallenged expert opinion, we cannot find that the requisite standard of clear and convincing evidence was met (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15-16 [2006]; compare People v Mosley, 106 AD3d 1067, 1068 [2013], lv denied 22 NY3d 854 [2013]; People v Dubuque, 35 AD3d 1011, 1011 [2006]).

Accordingly, defendant's total risk factor score is reduced by 10 points, resulting in his presumptive classification as a risk level II sexually violent offender. However, in light of County Court's presumptive classification of defendant as a risk

level III sex offender, it did not have the opportunity to
consider whether an upward modification was warranted; we
therefore remit the matter for such consideration (see People v
Leach, 106 AD3d 1387, 1388 [2013]; People v Stewart, 61 AD3d
1059, 1061 [2009]).  In light of our holding, defendant's
remaining contentions have been rendered academic.

McCarthy and Devine, JJ., concur.


Lynch, J. (dissenting).

We respectfully dissent.  The disputed issue is whether the
People proved by clear and convincing evidence that defendant
should be assessed 10 points for his failure to accept
responsibility for his conduct under risk factor 12 of the risk
assessment instrument, as County Court concluded (see Correction
Law § 168-n [3]; People v Dubuque, 35 AD3d 1011, 1011 [2006]).
In our view, the documented proof that defendant exhibited, in
the "extreme," a "complete lack of accept[ance] of responsibility
for his sexual misconduct" and that "[h]is cognitive distortions
about the offenses and rationalizations are entrenched and
intractable" (emphases added), resulting in his failure to
successfully complete and be discharged from sex offender
treatment while incarcerated, satisfied the People's burden (see
People v Weihrich, 111 AD3d 1032, 1033 [2013], lv denied ___ NY3d
___ [June 10, 2014]).  The fact that he later completed sex
offender treatment, which was a condition of his release, does
not necessarily mean that he accepted responsibility for his
actions (see People v Rogowski, 96 AD3d 1113, 1114 [2012]; People
v Legall, 63 AD3d 1305, 1306 [2009], lv denied 13 NY3d 706
[2009]).  Indeed, while the Board of Examiners of Sex Offenders
did not assess points under this factor, it "question[ed] the
effectiveness of [defendant's] treatment . . . given how deeply
ingrained his cognitive distortions were about his sex offending
. . . and his own disturbing statements rationalizing his sexual
contact with his [victims]."

While County Court must consider the most recent evidence
regarding acceptance of responsibility — indeed, by statute, "the
court shall review . . .  any relevant materials and evidence

submitted by the sex offender and the district attorney" (Correction Law § 168-n [3] [emphasis added]; see People v Mingo, 12 NY3d 563, 571 [2009]) – the court is not required to credit it, to accept it at face value or to give it more weight than other evidence in the record. Tellingly absent from the unsworn, single-page letter of defendant's treating psychologist is any reference to defendant's acceptance of responsibility. Considering the history of defendant's failed treatment, this omission calls into question the reliability of the report. County Court clearly recognized as much, pointing out that "[t]here is nothing further in the record to indicate that the defendant has accepted responsibility for what he did," and that completion of treatment "does not support a contrary conclusion."

Accordingly, we would affirm County Court's classification of defendant as a risk level III sex offender and sexually violent offender.

Stein, J.P., concurs.

ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court