People v Cepeda (2018 NY Slip Op 03384)





People v Cepeda


2018 NY Slip Op 03384


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2014-06095

[*1]People of State of New York, respondent, 
v
Roque Cepeda, appellant.


Seymour W. James, Jr., New York, NY (Paul Wiener of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated June 13, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 90 points on the risk assessment instrument, within the range for a presumptive designation as a level two sex offender. On appeal, the defendant challenges the assessment of 20 points under risk factor 4 (duration of offense conduct with victim).
In establishing a defendant's risk level pursuant to SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, "and any relevant materials and evidence" submitted by the parties, including "reliable hearsay evidence" (id.), which may come from, among other documents, evaluative reports completed by the supervising probation officer, or case summaries prepared by the Board of Examiners of Sex Offenders (see People v Mingo, 12 NY3d 563, 573; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]).
Contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 4. Assessment of points in that category is appropriate where the People present clear and convincing evidence that the defendant engaged in a continuing course of sexual contact with the same victim (see Guidelines at 10). For the purposes of SORA, an offender has engaged in a continuing course of sexual contact, insofar as relevant in this case, when he or she engages in two or more acts of sexual contact, at least one of which is an act of oral sexual conduct, which acts are separated in time by at least 24 hours (see id.). Here, the defendant pleaded guilty to sexual abuse in the first degree, admitting to oral sexual conduct against the subject child. The People's hearing evidence included a statement by the child detailing sexual contact by the defendant against her on a separate occasion that was separated in time by more than 24 hours from the incident [*2]to which the defendant admitted in his plea of guilty. The People additionally submitted the probation report, which included an admission by the defendant consistent with the child's report of the separate incident. Moreover, any ambiguity as to the defendant's admission was clarified by the hearing Justice's notes and recollection of the sentencing proceeding, at which the hearing Justice had questioned the defendant regarding the subject statement (see People v Myers, 306 AD2d 334; People v Mitchell, 300 AD2d 377).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court