People v Garofolo (2021 NY Slip Op 04042)





People v Garofolo


2021 NY Slip Op 04042


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2020-01573

[*1]The People of the State of New York, respondent,
v
Steven J. Garofolo, appellant.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY (Elizabeth M. Sacksteder and Jeremy A. Benjamin of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated December 23, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On August 29, 1975, the defendant gained access to the apartment of a woman (hereinafter the victim) by breaking the front door. He then repeatedly raped and sodomized her. For these acts, he was convicted, upon a jury verdict, of rape in the first degree and sodomy in the first degree. Approximately two months after this offense, in October 1975, the defendant raped another woman, beat her to death with a hollowed out nightstick that was filled with lead pellets, and dumped her body in a wooded area. For those acts, he was convicted, upon a jury verdict, of two counts of murder in the second degree, the second count being felony murder pursuant to Penal Law § 125.25(3) with the underlying crime of rape in the first degree.
On September 16, 2019, the New York State Board of Parole granted the defendant parole. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed a total of 75 points in the risk assessment instrument (hereinafter RAI), which presumptively placed him in a level two category. However, the court determined that the People proved, by clear and convincing evidence, the applicability of "the infliction of serious physical injury or the causing of death" override (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006] [hereinafter Guidelines]), which resulted in a presumptive risk assessment level three. As a result, the court found that the People's request for an upward departure was "moot." The court denied the defendant's request for a downward departure from the presumptive risk level. Thereafter, the defendant was designated a level three sex offender. The defendant appeals.
Initially, contrary to the defendant's contention, the County Court properly permitted the victim to testify at the SORA hearing (see Correction Law § 168-n[3]; People v Francis, 30 NY3d 737, 744). Further, while a SORA court is required to consider "any relevant materials and evidence" submitted by the sex offender, the district attorney, and the Board of Examiners of Sex Offenders (Correction Law § 168-n[3]; see People v Wyatt, 89 AD3d 112, 117), the court [*2]providently declined to consider certain excerpts from the victim's trial testimony and a police officer's trial testimony, which the defendant purported to offer after the conclusion of the SORA hearing in a belated attempt to discredit the victim's testimony at the SORA hearing (cf. CPLR 4011; Feldsberg v Nitschke, 49 NY2d 636, 643).
The County Court properly assessed 15 points under risk factor 1, since the People established, by clear and convincing evidence, the infliction of physical injury upon the victim (see People v Fuller, 83 AD3d 1025, 1025; People v Sullivan, 64 AD3d 67, 73). The SORA guidelines provide that under risk factor 1, "[p]hysical injury means impairment of physical condition or substantial pain (Penal Law § 10.00[9])" (Guidelines at 8 [internal quotation marks omitted]). Here, the evidence presented at the SORA hearing, which included the victim's testimony at the SORA hearing, established that the defendant, who was described by the victim as "very big and strong," gained access to the victim's apartment by breaking the front door of her apartment. He then struck the victim's face multiple times. The defendant "strangl[ed]" and "choked" the victim with his hands and a telephone cord. The victim testified that she "couldn't breathe," that she thought that her "neck was going to be broken," and that she thought that she was going to die as she had "two seconds left of air." The victim also described her degree of pain, testifying that the defendant's actions "hurt a lot." She explained that the defendant pulled off her clothes, raped her approximately three times, and engaged in forcible oral sexual conduct "about twice." While the victim cried and pleaded, the defendant ordered her to "[s]hut up," threatening to "kill [her]." She estimated that the entire incident lasted "like two-and-a half hours, or more." The defendant's brutal attack against the victim, which included acts of strangulation and repeated forcible penetration, and the victim's account of substantial pain supported the assessment of the challenged 15 points under risk factor 1 (see People v Chiddick, 8 NY3d 445, 447; People v Sullivan, 64 AD3d at 74 [the violation of the victim's body during the course of the violent acts and the injuries inflicted by this defendant caused the victim to suffer "substantial pain" (internal quotation marks omitted)]).
Moreover, as correctly found by the County Court, the People established, by clear and convincing evidence, that the defendant had not genuinely accepted responsibility for his actions, warranting the assessment of 10 points under risk factor 12 (see People v Hutchinson, 132 AD3d 606; People v Gudino-Sanchez, 116 AD3d 565, 566; People v Teagle, 64 AD3d 549, 550). Among other things, in an affidavit submitted prior to the SORA hearing, the defendant continued to partially shift the blame for the rape to the victim. Additionally, the defendant maintained his innocence when he sought to vacate his conviction in 1990.
Based on the foregoing, as determined by the County Court, the defendant was properly assessed a total of 75 points under the RAI, placing him in a presumptive level two category.
However, we conclude that the County Court erred in applying presumptive override two, which relates to the infliction of serious physical injury or the causing of death (see Guidelines at 3; People v Howard, 27 NY3d 337, 341). The court applied that override based upon the defendant's actions against the woman whom he raped and then killed in October 1975, not "the victim" involved in the current offense, who was the subject of the SORA hearing (Guidelines, overrides [2]; see Guidelines at 7).
Nevertheless, we affirm the order designating the defendant a level three sex offender, for reasons other than those set forth by the County Court (see People v Duart, 84 AD3d 908; People v Hoffman, 62 AD3d 976; People v Ashby, 56 AD3d 633), and the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Larkin, 66 AD3d 592, 593; People v Ashby, 56 AD3d at 633).
Here, the People demonstrated, by clear and convincing evidence, "that there were aggravating factors not adequately taken into account by" the RAI (People v Alexander, 144 AD3d 1008, 1008; see People v Gillotti, 23 NY3d 841, 861). Specifically, the RAI failed to take into account that approximately two months after committing the underlying sex offense, the defendant raped a second woman and then brutally beat her to death with a nightstick that had been filled with [*3]lead pellets (see People v Alexander, 144 AD3d at 1008). Moreover, the totality of the circumstances warrant a departure to a risk level three to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v McKenna, 186 AD3d 1542).
The defendant's remaining contentions are without merit.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court