People v Lindsey (2022 NY Slip Op 01275)





People v Lindsey


2022 NY Slip Op 01275


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing,Kennedy Mendez, Shulman, JJ. 


Ind. No. 4748/17 Appeal No. 15405 Case No. 2018-5603 

[*1]The People of the State of New York, Respondent,
v
Nevin Lindsey, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sylvia Wertheimer of counsel), for respondent.



Judgment, Supreme Court, New York County (Guy H. Mitchell, J.), rendered September 11, 2018, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.
Defendant, whose dismissal motion raised a different issue from the issues he raises on appeal, failed to preserve his legal sufficiency claim and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant's larcenous intent and accessorial liability could be reasonably inferred from the entire course of conduct of defendant and the other two members of what was a three-man team of shoplifters, even if defendant sometimes acted like an innocent shopper (see generally Matter of Juan J., 81 NY2d 739 [1992]; People v Allah, 71 NY2d 830 [1988]). The jury's mixed verdict does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]).
Defense counsel's response to defendant's attacks on counsel's effectiveness did not amount to taking a position adverse to his client's arguments as might warrant the assignment of new counsel (see People v Nelson, 7 NY3d 883 [2006]). At the court's invitation, counsel simply made factual statements explaining his general performance and conceding that, contrary to his client's belief, there was no ground available for challenging defendant's predicate felony status. Moreover, defendant has not demonstrated how he was prejudiced by any of his counsel's statements at any stage of the proceedings (see e.g. People v Malave, 106 AD3d 657, 659 [1st Dept 2013], lv denied 21 NY3d 1044 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022