People v Williams (2023 NY Slip Op 02621)

People v Williams

2023 NY Slip Op 02621

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Kern, J.P., Friedman, Gesmer, Moulton, Rodriguez, JJ. 

Ind. No. 3454/12 Appeal No. 253 Case No. 2017-02469 

[*1]The People of the State of New York, Respondent,
v
Taurean Williams, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Order, Supreme Court, New York County (Jill Konviser, J.), entered on or about June 14, 2017, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Clear and convincing evidence supported the court's finding that defendant did not genuinely accept responsibility for his sexual misconduct, resulting in an assessment of 10 points under the applicable risk factor (see generally People v Solomon, 202 AD3d 88 [1st Dept 2021], lv denied 38 NY3d 906 [2022]). Although defendant pleaded guilty, he declined to address his responsibility for the offense during his presentence probation interview, failed to appear for sentencing, and was returned on a warrant. While incarcerated, he participated in sex offender treatment but expressed an inappropriate attitude toward such treatment in a letter to the Board of Examiners of Sex Offenders.
The record also supports the court's alternative determination that if the 10 points at issue were deducted, thereby reducing defendant's point score to 105 (just below the threshold for level three), an upward departure to level three would be warranted (see generally People v Gillotti, 23 NY3d 841, 861-862 [2014). Clear and convincing evidence established aggravating circumstances that were not accounted for by the risk assessment instrument. The circumstances of the instant rape were unusually egregious. In addition, defendant had a recent prior felony conviction where he had been permitted to plead guilty to a nonsexual offense but where the underlying conduct had included sexual violence with similarities to the instant offense. Accordingly, defendant demonstrated a potential danger to the public that was not adequately accounted for by way of point assessments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023