People v Resto (2023 NY Slip Op 05546)

People v Resto

2023 NY Slip Op 05546

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Ind No. 924/06 Appeal No. 952 Case No. 2016-2095 

[*1]The People of the State of New York, Respondent,
v
Isaac Resto, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Covais of counsel), for respondent.

Order, Supreme Court, New York County (Ronald A. Zweibel, J.), entered on or about May 17, 2013, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court's assessment of 10 points under risk factor 12 for not having accepted responsibility was supported by clear and convincing evidence, consisting of defendant's statements to probation officials in connection with the preparation of his presentence report, wherein defendant denied his misconduct and declared that he pleaded guilty as a matter of expediency (see People v Solomon, 202 AD3d 88, 96-97 [1st Dept 2021], lv denied 38 NY3d 906 [2022]; People v Ferrer, 69 AD3d 513, 515 [1st Dept 2010], lv denied 14 NY3d 709 [2010]). Defendant's performance in a sex offender treatment program does not undercut this evidence (see Solomon, 202 AD3d at 97).
Defendant's contentions relating to the assessment of points under risk factor 7, offending against a stranger, and risk factor 13, unsatisfactory conduct while confined, are unpreserved and, in any event, without merit. The evidence demonstrated that the victim and defendant were on simple and generic speaking terms and the victim explained that she did not know defendant. The victim's reference to defendant as a "friend" to medical professionals did not undermine her testimony about the nature of their relationship and the extent of their contact (see People v Postelli, 136 AD3d 514, 514 [1st Dept 2016], lv denied 27 NY3d 907 [2016]; People v Tejada, 51 AD3d 472, 472 [1st Dept 2008]). The evidence also demonstrated that defendant received two tier II and two tier III infractions during his confinement, one of which was for possessing a weapon, and the court was not required to disregard this infraction on the ground of remoteness in time (see People v Neal, 214 AD3d 421, 421 [1st Dept 2023], lv denied 39 NY3d 916 [2023]; People v Holmes, 195 AD3d 528, 528 [1st Dept 2021], lv denied 37 NY3d 912 [2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023