People v Weaver (2025 NY Slip Op 06742)

People v Weaver

2025 NY Slip Op 06742

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-07918

[*1]The People of the State of New York, respondent,
v
Charles Weaver, appellant.

N. Scott Banks, Hempstead, NY (Tammy Feman and Kelly Bogart of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Francine R. Michel of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered August 8, 2024, which designated him a level three predicate sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1990, the defendant was convicted of sodomy in the first degree. In 2012, the defendant was convicted of three counts of promoting a sexual performance by a child for acts that took place in 2011 (hereinafter the instant conviction). In 2024, as his sentence for the instant conviction was nearing its expiration, the defendant was designated a level three predicate sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C).
The defendant contends that he should not have been designated a predicate sex offender, because he was a member of the class of plaintiffs in an action entitled Doe v Pataki (see Doe v Pataki, 481 F3d 69 [2d Cir]), and pursuant to a stipulation of settlement so-ordered in 2004 resolving that action (see id. at 73), a court shall not render a determination as to whether such a plaintiff shall be designated a predicate sex offender (cf. People v Velez, 100 AD3d 847, 848). The defendant's contention is unpreserved for appellate review (see People v Gayle, 238 AD3d 914; People v Pamperien, 231 AD3d 976, lv granted 43 NY3d 1013). In any event, the defendant's contention is without merit, as the stipulation of settlement plainly does not apply to new SORA proceedings resulting from offenses that occurred after the entry of the stipulation of settlement.
LASALLE, P.J., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court